IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH WHITE,

    Petitioner,                   No. CIV S-09-2900 GEB EFB (TEMP) P

    vs.

MATTHEW CATE,

                                 ORDER AND
    Respondent.              FINDINGS AND RECOMMENDATIONS

/

Petitioner is a state prisoner proceeding pro se and in forma pauperis with an application for writ of habeas corpus under 28 U.S.C. § 2254. Respondent has filed a motion to dismiss, to which petitioner has not responded. Instead, petitioner has filed a "petition for leave to exhaust state remedies." *See* Dckt. No. 11. The court construes this filing as a motion to stay the case and hold any resolution of the motion to dismiss in abeyance.

A court may stay a petition and hold it in abeyance pursuant to either *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), or *Rhines v. Weber*, 544 U.S. 269 (1995). *See King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009). *Kelly* and *Rhines* set out different procedures and impose different requirements for imposing a stay. Under *Kelly*, the petitioner amends his petition to delete any unexhausted claims. The court then stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted

1

claims. *Id.* (citing *Kelly*, 315 F.3d at 1070-71.)  Later, upon completion of exhaustion, the petitioner amends his petition to add the newly-exhausted claims to the original petition. *Id.* Under *Rhines*, a court may stay a "mixed" petition, i.e., one containing exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts. *Rhines*, 544 U.S. at 277.  To qualify for a stay under *Rhines*, a petitioner must: (1) show good cause for his failure to exhaust all his claims before filing this action; (2) explain and demonstrate how his unexhausted claim is potentially meritorious; (3) describe the status of any pending state court proceedings on his unexhausted claim; and (4) explain how he has diligently pursued his unexhausted claim. *Rhines*, 544 U.S. at 277-78.  The *Kelly* procedure, which has remained available after *Rhines*, does not require a showing of good cause. *King*, 564 F.3d at 1140.  However, the court may deny a request for stay and abeyance using the *Kelly* procedure if the new claims cannot be added to the existing habeas petition after they are exhausted in state court. *King,* 564 F.3d at 1141.

Petitioner states that he wishes to exhaust "a previously unraised valid claim" that "retroactive application of Penal Code section 667(c)(5) to Petitioner's early release credits violated the Ex Post Facto Clause of Art. 1 § 10" of the U.S. Constitution.  Pet. for Leave to Exhaust at 1, 3.  Penal Code § 667(c)(5) is part of California's "three strikes" law, enacted in 1994.  The subsection imposes a one-fifth limitation on good-time credits that a repeat offender may earn against the "total term of imprisonment imposed" imposed for a triggering offense under the three strikes law.  Here, petitioner's triggering offense was his conviction in 2006 for assault with a deadly weapon.  His prior convictions were both for burglary, in 1988 and 1992. He argues that the two five-year enhancements to his sentence that are, under the three strikes law, attributable to those convictions are not subject to the one-fifth credit limitation of § 667(c)(5), and that it is unconstitutional to apply the credit limitation for crimes he committed before the three strikes law was passed.  He adds that the "ambiguous language of P.C. § 667(c)(5) . . . raises a liberty interest protected by the [Fourteenth] Amendment" and "there is a

possibility that the claimed error is systemic." *Id.*

Petitioner's description of his *ex post facto* claim as "previously unraised" may be too strict a reading of his federal habeas petition. On the face of it, he alleges that the credit limitation codified in Penal Code § 667(c)(5) was, as applied to him, a violation the Fourteenth Amendment, but he also references and attaches to his petition the brief he filed in support of his state habeas petition when it was before the California Supreme Court. *See* Pet. at 4. The page numbers he references contain his argument to the California Supreme Court that "[the California Department of Corrections and Rehabilitation] has erroneously applied Penal Code § 667(c)(5) to his enhancement of ten years for two prior burglaries that occurred prior to the Three Strikes law being passed." *Id*. at 15. It appears that petitioner nowhere used the term "*ex post facto*" in his state habeas petition or referenced the Constitution's bar on retroactive application of criminal statutes, but the argument he presented is so similar in substance to the one he now seeks leave to exhaust, it raises the question whether such leave – and the concomitant stay – is necessary at all. Under the liberal reading due all pro se petitions, the court could construe the claim as having been exhausted and presented already.

Here, however, no such construction is necessary. A stay is unwarranted here because it is well settled that, regardless of whether petitioner has exhausted his *ex post facto* claim, and regardless of whether *Rhines* or *Kelly* applies here, there is no potential merit in the claim. Citing a large body of precedent, another California federal court addressing a similar argument has stated that "[t]he *ex post facto* prohibition does not preclude states from enacting recidivist statutes which enhance a criminal sentence based on prior criminal convictions if those statutes were in effect when the current triggering offense was committed." *Thomas v. Veal*, 2009 WL 909424 at *9 (C.D. Cal) (*citing*, *inter alia*, *Parke v. Raley*, 506 U.S. 20, 27 (1992)). "[A] charge under a recidivism statute does not state a separate offense, but goes to punishment only." *Parke*, 506 U.S. at 27. "Not surprisingly, courts have uniformly rejected the claim that three strikes laws violate the Ex Post Facto Clause." *Rosenberg v. Lewis*, WL 21262176 at *5 (N.D.

3

Cal.).  *See also People v. Brady,* 34 Cal.App.4th 65, 71-72 (1995); *People v. Williams*, 49 Cal.App.4th 1632, 1640-42 (1996).  Petitioner received the enhancements to his sentence because his triggering offense violated the three strikes law, which was enacted twelve years before his conviction.  He has no viable claim under the *ex post facto* clause.

To the extent that petitioner also seeks to exhaust his vague claims that "the ambiguous language of P.C. § 667(c)(5) . . . raises a liberty interest protected by the [Fourteenth] Amendment" and "there is a possibility that the claimed error is systemic," petitioner has made no attempt to meet the four *Rhines* factors, listed *supra*.  There is no reason, therefore, to stay this case while petitioner tries to exhaust any claim.

As noted above, respondent has filed a motion to dismiss.  Petitioner will be ordered to file an opposition to respondent's pending motion to dismiss within twenty-one days of the date of this order.  Petitioner may also file a statement of non-opposition.  Failure to comply with this order will result in a recommendation that this action be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure.

Accordingly, it is hereby ORDERED that petitioner has twenty-one days from the date of this order in which to file an opposition to the motion to dismiss or a statement of non-opposition.

Further, it is hereby RECOMMENDED that the petition for leave to exhaust state remedies, Dckt. No. 11, construed as a motion to stay, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

////

////

1 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
2 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
3 DATED: February 1, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE